UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

THOMAS W.,

                          Plaintiff,

v.                                                            CASE # 21-cv-00207

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

———————————————————————

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC         KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                     KELLY LAGA-SCIANDRA, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 JONATHAN M. KING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    JASHUA L. KERSHNER, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on October 4, 1977 and has at least a high school education. (Tr. 238, 243). Generally, plaintiff's alleged disability at the time of application was anxiety, depression, alcoholism, and a back injury. (Tr. 242). His alleged onset date of disability was December 31, 2014, and his date last insured was March 31, 2018. (Tr. 239).

### B.     Procedural History

On June 20, 2018, plaintiff protectively applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act and a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 214, 221). Plaintiff's applications were denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On April 9, 2020, plaintiff appeared before ALJ Dennis G. Katz. (Tr. 35-66). On April 24, 2020, ALJ Katz issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-31). December 16, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.     The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.

2.     The claimant has not engaged in substantial gainful activity since December 31, 2014, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3.      The claimant has the following severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; a depressive disorder; a schizoaffective disorder, depressive type; an anxiety disorder; and an alcohol use disorder (20 CFR 404.1520(c) and 416.920(c)).

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.      The claimant retains the residual functional capacity to perform a limited range of sedentary/light exertion level work in that he is able to sit, stand and walk for a total of 6 hours for each activity during the course of an 8-hour workday. He is able to lift/carry objects weighing a maximum of 10 pounds. The claimant needs to alternate sitting and standing throughout the day in that he is able to sit for one hour at a time before having to stand for 1 minute at the workstation for a stretch break, after which he can return to a seated position. He cannot perform jobs, which require rapid movements of the head from side-to-side or forward/backward. The claimant can (a) understand, remember and carry out instructions, (b) respond appropriately to supervision, co-workers and work pressures in a work setting and (c) deal with changes in a routine work setting. He can focus attention on work activities and stay on task at a sustained rate. In addition, he is able to perform a skilled task that he understands and knows how to do by virtue of past work experience; however, he would have difficulty learning new, intellectually complex work tasks.

6.      The claimant is capable of performing past relevant work as a collection clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.      The claimant was born on October 4, 1977 and was 37 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     The claimant can make a successful adjustment to other work.

11.     The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2014, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 9-25).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff's sole argument is that the physical RFC finding is not substantially tethered to any clear medical evidence. (Dkt. No. 9 at 9 [Pl's Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the medical opinion evidence, and the RFC was supported by substantial evidence. (Dkt. No. 12 at 14, 19 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff's argument is both that the RFC has greater limitations than supported by medical evidence but conversely also that the RFC didn't contain enough limitations[1]. (Dkt. 9 at 9). Plaintiff asserts the "stretch break" and limitations on lifting, sitting, standing and neck movements in the RFC are not tethered to medical evidence and therefore based on the ALJ's own interpretation and surmise. Here, although the ALJ did not base the sit/stand option on a medical source opinion, the ALJ's limitation reflected plaintiff's ability, the ALJ's reasoning is clear from his decision, and it is supported by substantial evidence. *See Johnson v. Colvin*, No. 14-CV-580S, 2015 WL 5167162, at *4 (W.D.N.Y. Sept. 3, 2015), aff'd, 669 F. App'x 44 (2d Cir. 2016) (ALJ's specific reduction in pace percentage reflected plaintiff's ability, the ALJ's reasoning was clear, and the ALJ's determination was supported by substantial evidence in the record).

The ALJ acknowledged plaintiff's testimony that he can walk to the corner store and sit for one hour at a time before requiring a stretch break.  (T. 18) However, the ALJ concluded plaintiff's subjective reports were inconsistent with the record. (T. 20-21). The ALJ nonetheless accepted plaintiff's allegations to the extent of allowing for some reduction in the RFC based on his combined impairments. (T. 22) "The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a [. . .] limitation in the RFC assessment is not grounds for remand." *Lesanti v. Comm'r of Soc. Sec*., 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (citing *Baker v. Berryhill*, No. 1:15-cv-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018)).

---

[1] Plaintiff does not dispute the ALJ's findings related to his mental impairments.

In the analysis of plaintiff's physical impairments, the ALJ explicitly asserted there was minimal medical evidence throughout the period at issue. (Tr. 20-23). Indeed, the record contained limited evidence of medical treatment and largely normal physical examination findings which the ALJ addressed. For instance, in October 2018, MRIs for both the lumbar and cervical spines showed only small herniations and bulges with mild findings. (Tr. 20, *citing* Tr. 580, 582-85). As the ALJ further noted, at a follow-up visit in November 2018, plaintiff reported improvement in neck and back pain with just rest and chiropractic care. (Tr. 20, *citing* Tr. 1190; *see also* Tr. 618-19). *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (consideration given to medications and other treatment measures used); SSR 16-3p, 2017 WL 5180304, at *9 (ALJ properly considers whether level of treatment is commensurate with level of complaints). On examination, despite reduced range of motion in the cervical and lumbar spine, he walked with a normal and well-balanced gait, his straight leg raise test was negative, and he had full motor strength in the upper and lower extremities and no sensory deficits. (Tr. 20, *citing* Tr. 1192).

The ALJ fully recognized that findings from the consultative examiner, Dr. Schwab, indicated some limited range of motion and difficulty with certain maneuvers, however, he explained the marked limitations opined were not consistent with the treating record of only minimal and conservative treatment. (Tr. 21-22). Plaintiff does not argue the ALJ erred in finding this opinion not persuasive.

The ALJ appropriately referenced plaintiff's myriad of activities of daily living, including walking in parks, shopping, taking public transportation, cooking, cleaning, laundry, and performing self-care activities when formulating the RFC. (Tr. 23). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (a claimant's daily activities are a factor in assessing subjective symptoms). As referenced in ALJ's decision, plaintiff admitted that he lived independently without

physical assistance and testified that he could lift only five pounds, sit for an hour before needing to stand for a stretch break for about twenty minutes, and could walk short distances and grocery shop. (*See* Tr. 18, *referring to* Tr. 48-51). Despite testifying that he spent most of his time laying down, he reported doing light cleaning, laundry, ironing, washing dishes, checking the mail, reading the newspaper, making simple meals, and shopping once a week for up to an hour. (*See* Tr. 23; *see also* Tr. 55, 272-73, 701). *See Snyder v. Saul*, 840 F. App'x 641, 643 (2d Cir. 2021) (ALJ properly considered that the plaintiff managed most of his activities of daily living himself when discounting the plaintiff's complaints of disabling pain and inability to work).

In sum, while the plaintiff argues the stretch break and restriction of rapid movements of the head were not supported by the evidence of record, plaintiff has not shown there were greater limitations. The ALJ discussed that he provided additional limitations beyond those found in the opinion evidence given plaintiff's testimony and subjective complaints. (Tr. 22). *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (affirming the RFC determination where the ALJ in some instances deviated from opinions to decrease the plaintiff's RFC, based on other evidence in the record). Additionally, plaintiff concedes that the sit/stand option was based in part on his testimony. (Dkt. No. 9 at 12). *See, e.g., Wakefield v. Comm'r of Soc. Sec.*, No. 19-CV-0655-MWP, 2020 WL 3100852, at *5 (W.D.N.Y. June 11, 2020) ("I find that remand is not warranted on the grounds that the ALJ included greater limitations in her RFC determination than those opined by [the consulting physician] or assessed a sit/stand option based upon Wakefield's own testimony.").

Contrary to plaintiff's argument in his reply brief the ALJ's determination does not need to be grounded in opinion evidence. (Dkt. No. 13 at 2). It is well established that an ALJ's RFC determination need not be supported by a specific medical opinion, particularly where the plaintiff

has failed to adduce evidence inconsistent with the ALJ's RFC determination. *See, e.g., Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) (summary order) (finding that, "although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination," that determination was support by substantial evidence because treatment notes were "in line" with the determination and the plaintiff "failed to adduce any medical evidence inconsistent with the ALJ's determinations"). Plaintiff does not identify any specific evidence in the record to demonstrate that there are in fact inconsistencies with the RFC limitation concerning plaintiff's sitting and standing limitations or limitations pertaining to movements of the neck. Overall, the ALJ did not err in concluding, based on the record as a whole, plaintiff had greater limitations than opined by any medical source. *Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (ALJ did not err in "affording Plaintiff the benefit of the doubt" and ultimately "assessed a more restrictive RFC finding" than provided by medical opinion evidence).

Next, plaintiff contends the RFC failed to incorporate all limitations from a medical source opinion. (Dkt. No. 9 at 9). On December 28, 2018, State Medical consultant V. Baronos issued a medical opinion, indicating plaintiff had chronic neck and low back pain, as well as foot pain. (Tr. 733). Dr. Baronos reviewed the evidence of record at that time and concluded that plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. (Tr. 75). Plaintiff had no other push/pull limitations other than the limitations on lifting and carrying but it was opined he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. (Tr. 75-76).

Plaintiff's claim was filed on June 20, 2018, therefore the new regulations for evaluating opinion evidence applies.  On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence", which were effective as of March 27, 2017. 82 Fed. Reg. 5844. Under the new regulations, ALJ must explain in his decision how persuasive he finds a medical opinion(s) and/or a prior administrative medical finding(s) based on the two most important factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). It is well established however that an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

The ALJ discussed the findings and conclusions of Dr. Baronos, determining it was persuasive because it was supported by and consistent with the plaintiff's conservative treatment and unremarkable treating record. However, the ALJ explained he provided additional limitations in the RFC given the claimant's testimony and subjective complaints. (Tr. 22). As discussed above, an RFC need not mirror a medical opinion. *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required"). Furthermore, it remains "plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ." *Beaman v. Commissioner of Social Security*, 2020 WL 473618, at *6 (W.D.N.Y. 2020). The limited records of treatment upon which plaintiff relies fail to meet that burden here. *See Tammy B. v. Commissioner of Social Security*, 2021 WL 2155099,

*5 (W.D.N.Y. 2021)  (plaintiff fails to cite any evidence in the record containing greater limitations than those provided by the ALJ).

**ACCORDINGLY, it is**

      **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

            **<u>DENIED</u>;** and it is further

      **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

            **<u>GRANTED</u>.**

Dated: March 24, 2023                  *<u>J. Gregory Wehrman</u>*
Rochester, New York                 HON. J. Gregory Wehrman
                                       United States Magistrate Judge